JAMES ABORN *vs.* ANDREW B. SEARLES.

When the purchase money or the consideration of a conveyance of realty comes from one other than the grantee and neither husband nor parent of the grantee, a resulting trust arises in favor of the person from whom the consideration proceeds.

A. agreed with H. to act as broker in the sale of H.'s land and to take as his compensation a certain agreed on parcel of H.'s land.   For convenience and by agreement between A., H. and the purchaser, H. conveyed all the land to the purchaser who then executed a deed to A.'s daughter at A.'s request of the parcel agreed on for A.'s compensation.   The daughter refused to accept the deed and then A. had another deed prepared to himself which the purchaser refused to execute.

*Held*, that there was a resulting trust in A.'s favor in the parcel of land agreed on for his compensation, and that A. was entitled to a conveyance.

BILL IN EQUITY to compel a conveyance of realty.

*July* 17, 1893.   MATTESON, C. J.   This is a bill to obtain from the respondent a conveyance to the complainant of a parcel of land.   On a former hearing the issues of fact raised by the bill and answer were found by the court in favor of

the complainant. At that hearing, counsel for the respondent requested, in case the issues of fact were determined adversely to his client, leave to argue the question whether the bill could be maintained, his contention being that the contract set up in the bill was within the statute of frauds, and that the complainant is not- entitled to relief because there is no memorandum in writing signed by the respondent. Since then the question whether the bill is sustainable has been argued and is now before us for decision. Several grounds on which it is claimed the bill may be upheld have been urged, but we do not deem it necessary to consider any of them except that of a resulting trust ; since we are clearly of the opinion that the case is within the doctrine of a resulting trust, and is, therefore, within the exception to the statute of frauds.

Whenever the purchase money for land is paid by one person and the conveyance is to another, or whenever the consideration for the conveyance, if other than money, moves from a person who is not the grantee, the law, unless the person stands in the relation of husband or parent to the grantee, so that the conveyance may be presumed to be an advancement, raises an implied trust, ordinarily termed a resulting trust, in favor of him who pays the purchase money, or from whom the consideration proceeds. 10 Amer. & Eng. Encyc. Law, Title, "Implied Trusts," 4, 5, 9, 11 and cases collected in the notes. The principle on which the rule is based is that the beneficial estate follows the consideration, and attaches to the person from whom it comes. The principle itself is founded in the natural presumption that he who supplies the purchase money or other consideration intends the purchase for his own benefit and not for the benefit of a stranger, and that the conveyance is taken to the grantee as a matter of convenience to the purchaser.

The material facts of the case, in this connection, are as follows : The complainant had been employed as a broker by one Halkyard to make sale of certain real estate belonging to him, and also of certain real estate belonging to his wife. It was agreed between Halkyard, acting in behalf of

his wife, and the complainant, that if the latter should effect
a sale of the real estate except a certain specific portion of
the land of the wife, at certain specified prices, he should be
entitled to such specific portion in lieu of commissions for
such sale. Subsequently the respondent applied to the com-
plainant for information as to how much of the land was for
sale, and at what price and on what terms, and expressed to
the complainant a desire to purchase so much of the land as
he had in his hands for sale, and was, thereupon, informed
by the complainant of the agreement between Halkyard and
himself respecting his compensation for services in case of a
sale, and what land he was to have for his compensation, and
that such land was not to be included in any sale which
might be made. After some negotiations, it was finally
agreed between Halkyard, the complainant and respondent,
that the complainant should relinquish to the respondent a
portion of the land to which he was to have been entitled for
his compensation under the prior agreement between Halk-
yard and himself, and should have a conveyance in fee of a
certain definite portion of the land; and that on payment of
a stipulated price the respondent should receive from Halk-
yard and wife a conveyance of the residue of the land, over
and above that which had been allotted to the complainant.
Though the land to be conveyed to the complainant was de-
finitely agreed on between Halkyard, the complainant and
respondent, yet as it was contemplated as a possibility by the
complainant and the respondent, that they might wish to
modify, or vary somewhat, the lines of their lots as they had
been fixed, for the convenience of the respondent, it was ar-
ranged, to save a multiplicity of deeds, that Halkyard and
wife should convey the whole of the land directly to the re-
spondent, and that the respondent should convey to the com-
plainant, or to such person as he should designate as a
grantee, the parcel of land which it had been agreed that the
complainant was to receive. In fulfillment of this arrange-
ment, Halkyard and wife conveyed the whole of the land to
the respondent, and the respondent conveyed to the complain-
ant's daughter, who had been designated by him as a grantee

to receive the conveyance, the parcel of land to which the complainant was entitled. The complainant had not, however, consulted his daughter prior to designating her as grantee, and she refused to accept the deed or to assent to the conveyance. The complainant, thereupon, prepared a second conveyance to himself, but the respondent refused to execute it, and, hence, the filing of this bill.

From this statement of facts it appears that the consideration for the conveyance of the parcel of land in suit from Halkyard and wife to the respondent was the services of the complainant in bringing about a sale of the other lands. The respondent received the conveyance, not only of the portions of the land covered by the purchase money paid by him, but also of the portion which was to have been conveyed to the complainant in lieu of his commissions. As the consideration for the conveyance of the latter portion of the land moved from the complainant a trust arises, in accordance with the principle stated, by operation of law, in favor of the complainant as to that land, and he is, therefore, entitled to relief.

*George B. Barrows,* for complainant.

*Joseph C. Ely,* for respondent.