GILL et al. v. FIRST NAT. BANK & TRUST CO.

No. 31466. June 5, 1945.

Rehearing Denied June 26, 1945.

159 P. 2d 717.

Robert Burns, of Oklahoma City, for plaintiffs in error.

H. A. Ledbetter, of Ardmore, for defendant in error.

BAYLESS, J. On the 14th day of June, 1941, the First National Bank & Trust Company, trustee under the will of S. A. Apple, deceased, filed its action to foreclose a mortgage on certain real property in Stephens county, Okla., said mortgage being given to secure a promissory note executed by John F. Carraway. Judgment was for the plaintiff foreclosing the mortgage and ordering the alleged claims of said defendant quieted in the plaintiff. The petition in error was filed herein by Sam S. Gill and W. A. Teall and G. C. Cooper. However, G. C. Cooper had abandoned any claim and the interest of W. A. Teall is consolidated with and combined with the claim of Sam S. Gill, and Sam S. Gill will be hereinafter referred to as the defendant.

The record discloses that the promissory note was executed by John F. Carraway to Apple on the 31st day of December, 1941, in the principal sum of $300 and the real estate mortgage was executed on the same date as security for the payment of said note.

The defendant, Gill, filed an answer and cross-petition alleging that this note and mortgage was one of a series of seven notes and mortgages executed by John F. Carraway to Apple in connection with the organization of a life insurance company and transfer to the Great Republic Life Insurance Company, a corporation of Los Angeles, Cal., as security for the performance of required agreements and statutory enactments with relation to the formation of said life insurance company; that thereafter on the 10th day of August, 1938, an assignment of said notes and mortgages was made to Teall as trustee; that defendant Gill performed services for the said Apple as an attorney at law and counsellor in the organization and perfection of said life insurance company, and that in consideration for the payment of said services the said Apple and Gill entered into an oral agreement that said notes and mortgages would be transferred to the said Teall as trustee and that one-third of the said notes and mortgages should be and become the property of the said Gill and two-thirds should become the property of the said Apple. Teall filed an answer in which he admitted that he held the property involved in trust, one-third for Gill and two-thirds for Apple, deceased.

The cause was tried upon the issues thus made. The trial court excluded the proffered testimony of Gill with respect to the transaction with Apple whereby Gill claimed to have become vested with the interest in the note and mortgage. But we observe that there was ample testimony from other witnesses to sustain Gill's claim in this respect, including the position taken by Teall, the trustee.

At the outset we are met with a motion to dismiss for the reason that all parties to an action whose interest will be affected by a reversal of the judgment appealed from must be made parties to the appellate proceedings. Cited in support of this is Taliaferro v. Ballard, 188 Okla. 465, 111 P. 2d 184. As held in City of Sapulpa v. Young, 147 Okla. 179, 296 P. 418, under the provisions of 12 O. S. .1941 § 958, the giving of notice of intention to appeal in the trial court makes all parties of record in the court from which the appeal is taken, except those who did not appear and take part in the proceedings or file a disclaimer, parties to the ap-

pellate proceedings. Under the same authority Teall is not an opposite party upon whom the case-made must be served. The motion to dismiss is denied.

In the first allegation of error it is asserted that the court erred as a matter of law in excluding the testimony of Gill on the ground that Gill was incompetent by virtue of 12 O.S. 1941 § 384. In view of what we said above concerning the state of the testimony, we deem it unnecessary to discuss this contention further.

The trial court found that the services rendered by Gill to Apple, deceased, were such services as could have been the basis of a claim duly filed within time against the estate of Apple, deceased; that numerous services were performed by Gill and that thereafter he presented a claim to the estate of Apple, deceased, in the sum of $1,250; that said claim was reduced by conference with an agent of the estate and. paid in the sum of $250, which $250 was accepted by the said Gill, and that all of the services represented by the claim filed by Gill were paid by the receipt of the $250.

If it was the intention of the trial court to hold that the services set out and described in the claim above referred to were the same as those that formed the basis for the alleged oral agreement entered into by Teall, Apple, and Gill, the finding of the trial court is entirely and wholly against the weight of the evidence. There is practically no evidence in the record which tends to support the finding that the services represented by the claim filed by Gill with the estate were the same services alleged to have been performed for the consideration of the transfer of the one-third interest in the notes and mortgages alleged in the answer and cross-petition of Gill.

It is next argued that the court erred as a matter of law in holding that the oral agreement made between Apple and Gill was unenforceable. We are of the opinion that this contention is correct, and that the trial court did commit error in holding that the oral agreement could not be enforced because it was within the statute of frauds. The lower court was of the opinion that since a mortgage was involved, real estate also was involved, and the attempted oral assignment of an interest in a note secured by mortgage on real estate was in effect an attempted oral transfer of an interest in real estate and thus within the statute. This view of the matter is contrary to the decisions of this court with respect to mortgages. If this view should prevail as applied by the trial court in this instance, the mort-. gage would become the controlling factor in the contractual arrangements, when, as a matter of fact, we have always held that the note which evidences the debt due is the controlling factor, and that an assignment of the note carried with it ipso facto an assignment of the mortgage. We find in 8 C.J., page 384, sec. 569, and the cases cited in the footnotes, that in the absence of a positive statute to the contrary, an assignment of a negotiable instrument by parol is sufficient. If this is true, the oral agreement between Apple and Gill would be sufficient to transfer an interest in the note, and if the interest in the note was thus effectually transferred, its prorata interest in the security, the mortgage on real estate, was also effectually transferred. In 41 C.J. 662, sec. 655, it is said that in equity nothing more is required than the intention to assign the mortgage in praesenti; and that such intention may be expressed in an oral contract. There are many authorities cited in support of this. These rules lead directly to the discussion of the next point in issue.

The trial court was of the opinion that the evidence under consideration did not justify Gill's contention that a resulting trust existed. A resulting trust is presumed to arise, 60 O. S. 1941 § 137, when A transfers property to B, but C pays the consideration therefor. This is the traditional "purchase money" trust spoken by Bogert, Trusts and Trustees, vol. II, sec. 454; 65, C. J. 363, sec. 139, et seq. Bogert says, sec. 455:

"The consideration may be furnished in the performance of services by the claimant to or for the grantor." Citing White v. Sheldon, 4 Nev. 280 (involving the services of an attorney) and Aborn v. Searles, 18 R.I. 357, 27 Atl. 796 (involving the services of a real estate broker). In those decisions it is pointed out that there can be no distinction in logic or in equity between a consideration comprised of money or other tangible property and that of services rendered. We think the evidence clearly discloses facts that gave rise to a resulting trust in favor of Gill.

It is no objection that the evidence relied on is parol and that the agreement was oral. Resulting trusts are exceptions to the statutes of frauds. Bogert, supra; 65 C.J., supra. Our decisions so hold: Newbern v. Farris, 149 Okla. 74, 299 P. 192; Bryant v. Mahan, 130 Okla. 67, 264 P. 811; Trimble v. Boles, 169 Okla. 228, 36 P. 2d 861, and others.

The authorities cited by company to the effect that a resulting trust may not be based upon oral agreement alone, but such agreement must be accompanied by acts, have no application here. There are acts here. The oral agreement was made, the company assigned the note and mortgages to Teall upon consideration furnished by Apple and Gill, and all parties thereto, except Apple's heirs, now so assert.

The judgment is reversed and the cause is remanded to enter judgment consistent with the views expressed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, WELCH, CORN, and DAVISON, JJ., concur.