Thomas Jefferson ENGLE, Jr., and Martha Jo Engle, his wife; H. G. Singley and Berenice L. Singley, his wife; and Milford P. Kidd and Rosa Lee Kidd, his wife, Plaintiffs in Error,

v.

FEDERAL NATIONAL MORTGAGE ASSO-CIATION, a Federal Corporation, Defendant in Error.

No. 37165.

Supreme Court of Oklahoma.

May 29, 1956.

Rehearing Denied July 17, 1956.

Application for Leave to File Second Petition for Rehearing Denied July 31, 1956.

Homer Cowan, Norman, for plaintiffs in error.

Robinson, Shipp, Robertson & Barnes, Oklahoma City, by C. E. Barnes, Oklahoma City, of counsel, for defendant in error.

## PER CURIAM.

This action was instituted by the Reconstruction Finance Corporation for judgment against Thomas Jefferson Engle and Martha Jo Engle, and others, on a promissory note executed by the Engles, and for a judgment foreclosing the mortgage given as security for the note. The note and mortgage involved were executed by the Engles in favor of W. R. Johnston & Co., Inc. It was alleged that the named mortgagee executed an assignment of the mortgage and endorsed the note to the Reconstruction Finance Corporation Mortgage Company of whom the plaintiff was the successor in interest by an act of Congress. It was also alleged that the Engles conveyed the property covered by the mortgage to H. G. Singley and Berenice L. Singley who assumed the indebtedness and that the Singleys conveyed to Milford P. Kidd and Rosa Lee Kidd. There was no allegation that the Kidds assumed the indebtedness. These subsequent grantees were likewise named parties defendant. A default in the note and mortgage was alleged and judgment was asked against all the defendants for the amount due on the note and for foreclosure of the mortgage. The Singleys and the Kidds filed a verified answer denying the legal succession of the plaintiff and its existence and further denying that the plaintiff was the "owner and holder of any valid note and mortgage."

The Engles did not file an answer. Prior to trial, upon application of the plaintiff, The Federal National Mortgage Association, a Federal Corporation, was substituted as plaintiff as successor to the Reconstruction Finance Corporation by virtue of a Presidential Reorganization.

The defendants in error have filed a motion to dismiss this appeal as frivolous, but in view of our conclusion hereinafter expressed, this motion is overruled.

It is first asserted that the summons was defective. This alleged error is based on a summons the scilicet of which specified Cleveland County and which was further styled "In the District Court of Cleveland County, Oklahoma" but which was addressed to the Sheriff of Oklahoma County requiring him to notify the defendants that they had been sued "In the District Court sitting in and for said County of Oklahoma." The seal of "said court" was affixed by the clerk "at my office in Norman, Oklahoma." The venue of the court and cause being specifically stated as Cleveland County, Oklahoma, the term "said County of Oklahoma" could hardly be construed to refer to any court other than the District Court of Cleveland County. In view of the entire contents of the summons, we do not believe that the defendants were in fact mislead by the wording of the summons, or were prevented from pleading in the case by reason thereof. Tyler Boat Works v. Schreiner, 194 Okl. 601, 153 P.2d 1004. Likewise, the demurrer of the plaintiffs in error to the petition of the defendant in error was properly overruled for sufficient facts were alleged to state a cause of action.

On the trial, the defendant in error introduced in evidence the original note, the original mortgage, and a "Statement of Account for Foreclosure" prepared by the comptroller of the defendant in error which showed the purported balance due on the loan. The note contained an endorsement to the Reconstruction Finance Corporation Mortgage Company by the W. R. Johnston & Company. The attorney for

the defendant in error then testified from the Statement of Account that no payments had been made on the loan since April, 1953. This comprised, in substance, all the evidence offered to support the cause of action.

After the demurrer to the evidence was overruled, no further evidence was offered by either party and the court entered judgment against all the plaintiffs in error for the balance remaining due on the note and foreclosed the mortgage lien.

■ By Section 203, Title II, Chapter 166, Act of June 30, 1947, 61 U.S.Statutes 207, all assets of the Reconstruction Finance Corporation Mortgage Company were transferred to the Reconstruction Finance Corporation as established by 15 U.S.C.A. § 601 et seq. By legislation, the existence of this corporation was extended until June 30, 1954. The assets of the Reconstruction Finance Corporation were transferred by Presidential Reorganization Plan # 2 of 1954, to the Federal National Mortgage Association and this Reorganization Plan was published in the Federal Register, 19 F.R. 3986. The court was required to take judicial notice of this action. 49 Stat. 502, 44 U.S.C.A. § 307; Morrison v. Hutchins, 158 Kan. 123, 144 P.2d 922. The Federal National Mortgage Association was established by 12 U.S.C.A. § 1716 et seq., as amended, and was in existence at the time of the transfer. Therefore, if there was evidence of a valid transfer of this note and mortgage from the Johnston Company to the Reconstruction Finance Corporation Mortgage Company, the Federal National Mortgage Association was the owner thereof and the judgment of foreclosure in its favor adequately sustained by the evidence and the Acts of Congress of which the court was required to take judicial notice where, as here, they were called to its attention by the pleadings. Kelley v. Garfield County Building & Loan Ass'n, 180 Okl. 253, 68 P.2d 811; 31 C.J.S., Evidence, § 16, p. 525.

■ This note was a standard promissory note made payable to the payee or its order. An endorsement to the Reconstruction Finance Corporation Mortgage Company appears thereon. Under the rule stated in Reserve Loan Life Ins. Co. v. Simmons, 140 Okl. 212, 282 P. 279, and Texas Title Guaranty Co. v. Shepherd, 184 Okl. 599, 89 P.2d 337, this was sufficient proof of transfer to sustain the action by the plaintiff. Proof of ownership of the note carried with it ownership of the mortgage security. Prudential Ins. Co. of America v. Ward, 135 Okl. 117, 274 P. 648. Therefore, the judgment against the Engles, who failed to answer, is sustained by the evidence as is the foreclosure of the mortgage lien which was recorded and therefore notice to subsequent owners. However, no proof was offered to show an assumption of this indebtedness by the other defendants. There is no evidence whatsoever to sustain the personal judgment against them and it must be reversed. Bailey v. State, 72 Okl. 203, 179 P. 615.

The personal judgment rendered against H. G. Singley, Berenice L. Singley, Milford P. Kidd and Rosa Lee Kidd is reversed. Otherwise, the judgment is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Nease and approved by Commissioners Reed and Crawford, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.