2011 OK CIV APP 35

**BAC HOME LOANS SERVICING, L.P. f/k/a Countrywide Home Loans Servicing, L.P., Plaintiff/Appellee,**

v.

**Ronald R. WHITE a/k/a Ronald R. White, Jr., Defendant/Appellant,**

and

**Teri L. White a/k/a Teri White, Defendant.**

No. 108,736.

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 3, 2010.

Rehearing Denied Jan. 14, 2011.

Certiorari Denied March 7, 2011.

Approved for Publication by Order of the Supreme Court March 16, 2011.

Amy E. Collins, Brian Rayment, Kivell, Rayment and Francis, P.C., Tulsa, Oklahoma, for Plaintiff/Appellee.

Ronald R. White, Claremore, Oklahoma, Pro se.

CAROL M. HANSEN, Judge.

¶ 1 Defendant/Appellant, Ronald R. White, seeks review of the trial court's order granting summary judgment in favor of Plaintiff/Appellee, BAC Home Loans Servicing, L.P., f/k/a Countrywide Home Loans Servicing, L.P. (BAC), in BAC's action to foreclose a mortgage on the Whites' home. At issue is whether BAC is the holder of the note and mortgage. The evidentiary materials submitted in support of BAC's motion for summary judgment do not show undisputed material facts supporting but a single inference in favor of BAC's quest for relief. Accordingly, we reverse and remand for trial.

¶ 2 BAC sued Ronald White and his wife, Defendant Teri L. White, alleging the Whites had defaulted on a note to American Home Mortgage, secured by a mortgage to Mortgage Electronic Registrations Systems, Inc. (MERS) as nominee for American Home Mortgage. BAC alleged it was the present holder of the note and mortgage "through mesne assignments of record." It attached to the petition a copy of the note and mortgage, as well as an assignment of mortgage. The note stated,

I promise to pay [principal amount plus interest] to the order of the Lender. The Lender is American Home Mortgage....

I understand that Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

¶ 3 The note was signed by Ronald White and Teri White. Below the signatures was a stamp stating,

PAY TO THE ORDER OF
WITHOUT RECOURSE

BY: AMERICAN HOME MORTGAGE

RENEE BURY
ASST. SECRETARY

In the underlined blank were the handwritten initials "RB." The mortgage identified the Whites as the borrowers and mortgagors, and American Home Mortgage as the lender. It stated, "MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument." The mortgage was signed by the Whites. In the mortgage assignment, MERS, "as Nominee for American Home Mortgage" assigned the mortgage to Countrywide Home Loans Servicing, LP. The assignment was undated but signed by "Kimberly Dawson, 1st Vice President" for MERS. The acknowledgment attached to the assignment was undated but signed by Regina McAninch as a notary public in the State of Texas. A file-stamp by the county clerk of Rogers County, Oklahoma appeared on the mortgage document but not on the mortgage assignment.

¶ 4 The Whites answered pro se, denying default. BAC moved for summary judgment, asserting (1) it had established the prima facie elements of a foreclosure action, (2) it had standing and was the real party in interest, (3) the Whites did not dispute that payment had not been made under the note and mortgage, and (4) the Whites were estopped to deny the validity of the mortgage. In support, BAC attached the affidavit of its litigation specialist stating BAC was the owner and holder of the note and mortgage, and the Whites did not pay the installments due on September 1, 2008 and thereafter. BAC attached a copy of the note showing the name "Countrywide Document Custody Services, a division of Treasury Bank, N.A." stamped in the indorsement space that had been left blank in the copy attached to the petition. The copy of the note attached to the motion also contained upside-down and backwards text in the area of the indorsement, suggesting the page had additional indorsements on the back, but the attach-

ment does not include a copy of the back of the page. BAC also attached a copy of the mortgage assignment identical to the one attached to the petition except that it was dated April 20, 2009 and bore the file-stamp of the Rogers County Clerk showing it was filed of record on July 16, 2009.

¶ 5 The Whites responded and moved for summary judgment in their favor, asserting among other things, (1) the mortgage could not be enforced because it was separated from the note, (2) the mortgage assignment was invalid because it was undated, unnotarized, signed without authority, modified after being filed with the petition, and assigned by MERS as nominee for Lender after MERS showed it had been assigned to others, and (3) BAC failed to show it was the owner and holder of the note and mortgage.

¶ 6 At hearing on the parties' motion for summary judgment, the trial court heard oral argument. BAC's attorney represented to the trial court, "We have the Original note that has been endorsed in blank. . . . We have definitely proven that we are the holder of the Note. I have the Note with me here today and it's properly endorsed." The trial court granted BAC's motion for summary judgment and denied the Whites' motion. In its order, the trial court stated the parties introduced evidence. It then found, among other things, BAC was the owner and holder of the note and mortgage, and the Whites were in default. It granted judgment to BAC for $216,295.08 plus interest, costs, and attorney fees, and directed the property sold at sheriff's sale.

 ¶ 7 Ronald White[1] appeals without appellate briefs in conformance with the procedures for the appellate accelerated docket, Okla.Sup.Ct.R. 1.36, 12 O.S.Supp.2003, Ch. 15, App. 1. Because a grant of summary judgment involves purely legal determinations, we will review the trial court's decision under a de novo standard. *Carmichael v. Beller*, 1996 OK 48, 914 P.2d 1051, 1053. Summary judgment is appropriate only when there is no substantial controversy as to any material fact and one of the parties is entitled to judgment as a matter of law. 12

---

1. Although the petition in error purports to be filed on behalf of both Ronald White and Teri White, it is signed only by Ronald White. He is not an attorney and therefore may represent only himself. *Massongill v. McDevitt*, 1989 OK CIV APP 82, 828 P.2d 438, 439.

O.S.Supp.2002, Ch. 2, App. 1, Rule 13. Because the trial court's role is limited to merely determining whether there are any issues of fact, there can be no trial of fact issues on a motion for summary judgment. The court may not weigh the evidence. *Stuckey v. Young Exploration Co.,* 1978 OK 128, 586 P.2d 726, 730. Like the trial court, we have the duty of insuring the motion is meritorious by examining the evidentiary materials supporting the motion. "[I]f the movant has not addressed all of the material facts or if one or more such facts is not supported by admissible evidence, we must determine that judgment for the movant was not proper." *State ex rel. Macy v. Thirty Thousand Seven Hundred Eighty One Dollars & No/100,* 1993 OK CIV APP 170, ¶ 4, 865 P.2d 1262. We must view all evidentiary materials in the light most favorable to the party opposing summary adjudication, and must consider only "the record the parties have actually made and not … one which is theoretically possible." *Id.* at ¶ 5.

¶ 8 The mortgage in this case, containing a clause designating MERS as Lender's nominee and as the mortgagee, fits a fact pattern that has generated much national controversy. *See, e.g.,* Christopher L. Peterson, *Two Faces: Demystifying the Mortgage Electronic Registration System's Land Title Theory,* Real Property, Trust and Estate L.J. (forthcoming) (available at http://ssrn.com/abstract=1684729). According to Peterson, the purpose of designating MERS as the mortgagee and the lender's nominee is to enable financial institutions to securitize mortgages by pooling them into a trust and selling income from the trust to investors, and to avoid paying billions of dollars in county recording fees to local governments, by having MERS always "own" the mortgages and track assignments only on its own books.

¶ 9 The appellate courts of several states have addressed the impact of the MERS designation on later foreclosures of the pledged property. For example, in *Landmark Nat'l Bank v. Kesler,* 289 Kan. 528, 216 P.3d 158 (2009), MERS, as nominee of the second mortgagee, assigned the second mortgage to Sovereign Bank. The first mortgagee foreclosed, naming the borrower and second mortgagee as defendants, and took a default

judgment. The trial court denied the motion of MERS and Sovereign Bank to set aside the default judgment. The Kansas Supreme Court affirmed, reasoning MERS lacked any enforceable rights because there was no evidence MERS owned the promissory note secured by the mortgage. *Id.* at 167–168. Similarly, appellate courts in Arkansas, Missouri, and Maine have refused to allow MERS or its assignee to assert rights against the mortgagor because it did not hold the note secured by the mortgage. *Mortgage Electronic Registration System v. Southwest Homes of Arkansas,* 2009 Ark. 152, 301 S.W.3d 1; *Bellistri v. Ocwen Loan Servicing, LLC,* 284 S.W.3d 619 (Mo.Ct.App. 2009); and *Mortgage Electronic Registration Systems, Inc. v. Saunders,* 2 A.3d 289 (Me. 2010).

¶ 10 Oklahoma law is in accord with these cases. In Oklahoma, ownership of the note is controlling, and assignment of the note necessarily carries with it assignment of the mortgage. *Gill v. First Nat. Bank & Trust Co. of Oklahoma City,* 1945 OK 181, 195 Okla. 607, 159 P.2d 717, 719. "The mortgage securing the payment of a negotiable note is merely an incident and accessory to the note, and partakes of its negotiability. The indorsement and delivery of the note carries with it the mortgage without any formal assignment thereof." *Prudential Ins. Co. of America v. Ward,* 1929 OK 71, 135 Okla. 117, 274 P. 648, 650. Proof of ownership of the note is proof of ownership of the mortgage security. *Engle v. Federal Nat. Mortg. Ass'n,* 1956 OK 176, 300 P.2d 997, 999. Therefore, in Oklahoma it is not possible to bifurcate the security interest from the note. An assignment of the mortgage to one other than the holder of the note is of no effect.

¶ 11 The record on summary judgment in the present case contains conflicting evidence as to the ownership of the note. The note, in which the Whites promised to pay a sum certain to the order of Lender, is a negotiable instrument pursuant to 12A O.S. 2001 § 3–104(a). It may be indorsed specially to be payable to an identified person or it may be indorsed in blank to be payable to bearer. 12A O.S.2001 § 3–205(a) and (b). If the note was indorsed in blank and BAC was in possession of the original note, then BAC

was the owner of the note and entitled to bring this action. 12A O.S.2001 §§ 3–205(b) and 3–110. The note in the record appears to be indorsed to Countrywide Document Custody Services, a division of Treasury Bank, N.A.; we are unable to determine from the record submitted to us that the instrument was later indorsed in blank and transferred to BAC. Although BAC's attorney represented at hearing the note was indorsed in blank and in BAC's possession, no evidence was entered into the record at the hearing. The hearing consisted of oral argument only on the motions for summary judgment and was not a trial. This appeal comes to us as an accelerated appeal from a summary determination. We must base our review upon the record the parties have actually made and not one which is theoretically possible. Based on the record before us, we conclude there is a question of fact as to the ownership of the note. Accordingly, we REVERSE the trial court's order granting summary judgment in favor of BAC and REMAND this matter for trial.

BUETTNER, P.J., concurs in result, and HETHERINGTON, J., concurs.