2012 OK 49

**RESIDENTIAL FUNDING REAL ESTATE HOLDINGS, LLC, Plaintiff,**

and

**RAHI Real Estate Holdings, LLC, Substitute Plaintiff/Appellee,**

v.

**Vincent ADAMS and Leslie Adams, Defendants/Appellants**

and

**John Doe, Jane Doe and Harvard Pointe Homeowners Association, Inc., Defendants.**

No. 108,864.

Supreme Court of Oklahoma.

May 29, 2012.

**12.** *see* n. 9 and n. 10, *supra.*

Phillip A. Taylor, Taylor & Associates, Broken Arrow, Oklahoma, for Defendants/Appellants.

Steven A. Heath, Baer Timberlake, Coulson & Cates, P.C., Tulsa, Oklahoma, for Plaintiff/Appellee.

COMBS, J.

¶ 1 This matter comes before us on a writ of certiorari to the Oklahoma Court of Civil Appeals, Division II (COCA). This case concerns a summary judgment granted by the district court in favor of the plaintiff/appellee RAHI Real Estate Holdings, LLC, (appellee) and against the defendants, Vincent Adams and Leslie Adams (appellants). COCA affirmed the district court's ruling and we reverse and remand for further proceedings.

¶ 2 On October 20, 2006, appellant Vincent Adams (Vincent), executed a promissory note to Gateway Mortgage Group, LLC, (Gateway) for the purchase of real property. On the same day, appellants executed a mortgage to Gateway to secure the note.

¶ 3 The original plaintiff, Residential Funding Real Estate Holdings, LLC, (Residential) filed a petition to foreclose on June 26, 2009, claiming appellants defaulted on the note beginning January 1, 2009. Residential attached a copy of the subject note and mortgage to the petition. The note has a special indorsement from Gateway which states "Pay to The Order Of: Option One Mortgage Without Recourse." It is executed by "Amanda Goodnight ITS: SHIPPING SPECIALIST." Also attached to the note is a blank indorsement by Option One Mortgage Corporation, A California Corporation, (Op-

tion One Mortgage Corporation). It is executed by "Dora Galvan Assistant Secretary." On July 24, 2009, a motion to substitute plaintiff and modification of caption was filed, thereby substituting RAHI Real Estate Holdings, LLC, (RAHI) in place of Residential. The motion stated that RAHI was subsequently assigned all of Residential's rights in the mortgage. On July 27, 2009, the district court granted the motion and substituted RAHI as plaintiff in place of Residential in this foreclosure action and ordered that the caption be modified to reflect RAHI as plaintiff. One day after the order granting substitution, July 28, 2009, Residential as plaintiff filed its first amended petition.[1] The amended petition added a new defendant, Harvard Pointe Homeowners Association, Inc., and re-alleged all allegations made in the original petition. It also attached the same note and mortgage.

¶ 4 Defendants filed their answer on August 24, 2009, admitting that a note and mortgage were executed but denied that the note and mortgage attached to the petition are the ones he/they signed. Further, they deny default and demand strict proof thereof. They then blame "plaintiff/servicing agent" for the cause of the alleged default. Appellants also attacked plaintiff's standing and the subject matter jurisdiction of the court.

¶ 5 On February 9, 2010, appellee filed a motion for summary judgment alleging there is no controversy as to any material facts and attached an affidavit. The affidavit is from Denise Bailey, Assistant Secretary of Litton Loan Servicing, LP, as servicer for RAHI Real Estate Holdings. The affidavit states the plaintiff is the holder of the note and mortgage by virtue of an attached assignment of mortgage and the defendants are in default. She states she is in charge of loan servicing, and the records and files concerning the loan in this action are maintained under her supervision, and she has personal knowledge of the contents therein. She also states that there has been no extension or agreement to delay entry of judg-

---

1. The First Amended Petition refers to "plaintiff" as Residential and not "substitute plaintiff" RAHI. The caption still refers to Residential as plaintiff and RAHI as substitute plaintiff. This pleading was executed by Steven A. Heath as attorney for plaintiff on July 23, 2009, four days before the order granting substitution.

ment. The motion also attached a copy of the note and mortgage, the same as the ones attached to the original petition, and an assignment of mortgage. The assignment of mortgage is executed January 18, 2010, but made effective June 26, 2009. It assigns only the subject mortgage; there is no attempted assignment of the note. It is made by Sand Canyon Corporation f/k/a Option One Mortgage Corporation (Sand Canyon) to RAHI Real Estate Holding, LLC, and signed by Brian McConnell, a Vice President of Sand Canyon.

¶ 6 On March 1, 2010, appellants' attorney filed an entry of appearance and a motion to deny plaintiff's motion for summary judgment. Appellants allege they need more time to respond to the motion because appellee failed to respond to their discovery requests pursuant to Oklahoma District Court Rule 13(d).[2] They allege it cannot be determined if the appellee is the real party in interest, proper party or that a valid note exists. It is further alleged that the indorsements on the note are not valid, and under the UCC, a note must be indorsed by its holder before it can be transferred.[3] Appellants attach an affidavit made by the appellants and a copy of their discovery requests. The affidavit states that appellants mailed their discovery requests to appellee's attorney on or about August 23, 2009. They allege that as of March 1, 2010, they have not received any responses to their discovery requests. Appellants also refer to a certificate of mailing made by appellee's attorney certifying, on June 19, 2009, he mailed appellants answers to their request for admissions. Appellants assert that this date was prior to the petition being filed.

¶ 7 In the response to the motion to deny, appellee's attorney claims he timely mailed a response to the request for admissions on September 17, 2009, but it was returned undeliverable. He refrained from providing additional responses because it appeared appellants had vacated the address listed on their pleadings and appellants failed to provide a telephone number on their pleadings which he could call. Appellee also asserts that appellants' affidavit is incorrect because on the same day that appellants executed their affidavit, March 1, 2010, they came to appellee's attorney's office and demanded their discovery requests. Appellee claims later that day its attorney gave appellants a copy of the response to their request for admissions and a complete response to appellant's other discovery requests. Appellee attached a copy of a certificate of hand delivery signed by appellee's attorney reciting that on March 1, 2010, "I hand delivered Plaintiff's Response to Defendant's Requests Documents to the Defendant." Appellee also claims that appellants cannot recite any authority why the indorsements on the note are invalid and that appellants are inaccurate in their assertion that in order for a negotiable instrument to be transferred it must be indorsed. It cites 12A O.S.2001, § 3–203(b), which provides a transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument. Appellee asserts it is a person entitled to enforce the note because an indorsement is not necessary for a transfer but, in this case, the subject note and allonge are indorsed and in its possession.

¶ 8 Appellants replied on March 26, 2010, stating on March 1, 2010, appellee's attorney did not attach any documents to their discovery request. They allege most of appellee's responses say "see attached" but no documents are attached. They also assert that Title 16 O.S.2001 § 93, applies to the indorsements in this case and a "shipping specialist"

---

**2.** Okla. Dist. Ct. R. 13(d), 12 O.S. Supp.2002, ch.2, app., "Should it appear from an affidavit of a party opposing the motion that for reasons stated the party cannot present evidentiary material sufficient to support the opposition, the court may deny the motion for summary judgment or summary disposition without prejudice or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just. A motion filed pursuant to this paragraph shall not be deemed a consent to the exercise by the court of jurisdiction over the party, or a waiver of the right to file a motion to dismiss the action."

**3.** They cite 12A O.S. Supp.2001, § 3–301(b)(sic); § 3–201(b) "... if an instrument is payable to an identified person, negotiation requires transfer and possession of the instrument and its indorsement by the holder ..."

is not authorized to indorse a note under this statute.[4]

¶ 9 On April 15, 2010, the district court issued an order granting summary judgment in favor of appellee. This was later vacated on April 28, 2010, because appellants' attorney was not notified of the hearing. The district court also allowed responsive pleadings to the motion for summary judgment to be made within twenty (20) days.

¶ 10 On May 17, 2010, appellants filed a motion to compel discovery and a renewal of motion to deny the motion for summary judgment. In the motion to compel, appellants restate that appellee's attorney did not attach requested discovery to its response even though he had been personally contacted. They also assert the following: 1) the real party in interest cannot be determined by the filings attached to appellee's motion for summary judgment; 2) the indorsements are invalid and therefore appellee has no standing to bring this action; 3) the allonge is made by Option One Mortgage Corporation but the original lender, Gateway, specially indorsed the note to an alleged different entity, Option One Mortgage; and 4) the affidavit attached to the motion for summary judgment is invalid, insufficient, and inadmissible; and the assignment of mortgage is irrelevant and, therefore, inadmissible. This last contention is based on no showing the assignor was an indorsee of the note and therefore could not have any rights as to the mortgage. Sand Canyon Corporation f/k/a Option One Mortgage Corporation is the assignor of the mortgage, however, Gateway indorsed the note to Option One Mortgage not Option One Mortgage Corporation. Further, there is no documentation Sand Canyon Corporation succeeded Option One Mortgage Corporation. The assignment was made on January 18, 2010, and backdated to June 26, 2009. Appellants allege there is no law in Oklahoma that authorizes such backdating. They assert the assignment of mortgage is unrecorded and therefore unenforceable and inadmissible because it is irrelevant.

¶ 11 Appellee responded to both motions. In its response to the motion to compel, appellee alleges its attorney provided the requested responses to discovery on March 1, 2010, and made good faith attempts with appellants' counsel to find out what documents he needed. Instead of providing that information appellants filed a motion to compel. Appellee states its attorney's records show all documents, except the customer contact log, were provided on March 1, 2010, and on May 21, 2010, the log was mailed to appellants.

¶ 12 Appellee asserts in its response to the renewal of the motion to deny the motion for summary judgment: 1) RAHI is the real party in interest, and the amended petition merely included a new defendant and re-alleges all allegations made in the original petition; 2) the affidavit by RAHI's servicer is admissible because it is made under personal knowledge and it proves RAHI is the owner of the note, and appellants are in default; 3) appellants cite no authority for their position that Title 16 of the Oklahoma Statutes is applicable because it relates to documents which must be properly "executed or acknowledged in the manner required by law as legal prerequisites for record filing;" and 4) a note does not require an acknowledgement nor is it recorded.

¶ 13 Appellee asserts a copy of the fully indorsed note is attached to their motion for summary judgment and the original has been presented to the court, and is in its attorney's possession. Further, even if the note had not been indorsed the presentation of the original note entitles the person in possession to enforce it. 12A O.S.2001, § 3–203(b).[5]

---

4. 16 O.S.2001, § 93. "Every deed or other instrument affecting real estate made by a corporation must have the name of such corporation subscribed thereto either by an attorney-in-fact, president, vice-president, chairman or vice-chairman of the board of directors of such corporation."

5. 12A O.S.2001, 3–203(b). "Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course, but the transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument."

¶ 14 Regarding the assignment of mortgage, appellee asserts that the recording of an assignment is only made to protect the assignee. *Chase v. Commerce Trust Co.,* 1923 OK 676, 101 Okla. 182, 224 P. 148. The note is the controlling factor and the mortgage follows the note when the note is assigned. *Gill v. First National Bank & Trust Co.,* 1945 OK 181, 195 Okla. 607, 159 P.2d 717. Regardless, the assignment of mortgage was recorded on February 9, 2010. Appellee further asserts there is nothing disclosed by the record which provides grounds to doubt the truth that Sand Canyon Corporation succeeded Option One Mortgage Corporation. Appellee cites The Title Examination Standards, 16 O.S.2001, § 12.4, Ch. 1, App. which provide, "Unless there is some reason disclosed of record to doubt the truth of the recital then: A. A recital of succession by corporate merger or corporate name change (e.g., the corporation was formerly known by another name) may be relied upon if contained in a recorded title document properly executed by the surviving or resulting corporation." Appellee concludes that appellants have provided nothing to show they are not in default, the existence of the mortgage is not disputed and ownership of the note and mortgage cannot be disputed, therefore appellants raise no issue of fact which requires the motion for summary judgment to be overruled.

¶ 15 A hearing on the motion for summary judgment was held on June 29, 2010. The court issued a minute order finding the appellee held the original note, discovery was provided to the appellants and granted ten (10) additional days for appellants to supplement their response to the motion for summary judgment. Further, the court stated it would rule on the pleadings after ten (10) days from this order. No supplemental responses were filed and on July 13, 2010, the court issued a minute order sustaining the motion for summary judgment. A journal entry of judgment followed on September 28, 2010. It found there was no substantial controversy as to any material fact, the appellee is the owner/holder of the note and mortgage, and default had occurred.

¶ 16 Appellant appealed the journal entry of judgment by filing a petition in error on October 29, 2010. The Oklahoma Court of Civil Appeals, Division II, issued its opinion on November 30, 2011, affirming the trial court. Appellants then filed a petition for writ of certiorari on December 21, 2011, which was granted by this Court on March 5, 2012.

## STANDARD OF REVIEW ON SUMMARY PROCESS

¶ 17 Summary relief issues stand before us for de novo examination.[6] All facts and inferences must be viewed in the light most favorable to the non-movant.[7] Summary process is applied where neither the material facts nor any inferences that may be drawn from undisputed facts are in dispute, and the law favors the movant's claim. To that end, the court may consider, in addition to the pleadings, items such as depositions, affidavits, admissions, answers to interrogatories, as well as other evidentiary materials which are offered by the parties in acceptable form.[8] A motion for summary judgment should be denied if the facts concerning any issue raised by the pleadings, as set forth in the depositions, admissions, answers to interrogatories, and affidavits on file in the case when such motion is filed, and as set forth in affidavits thereafter filed in opposition to such motion and meeting the requirements of said Rule 13, are conflicting, or if reasonable men, in the exercise of a fair and impartial judgment, might reach different conclusions

6. An order that grants summary relief, in whole or in part, disposes solely of law questions. It is thus reviewable by a de novo standard. *Brown v. Nicholson,* 1997 OK 32, ¶ 5, 935 P.2d 319, 321. *See also Kluver v. Weatherford Hosp. Auth.,* 1993 OK 85, ¶ 14, 859 P.2d 1081, 1083 ("Issues of law are reviewable by a *de novo* standard and an appellate court claims for itself plenary, independent and non-deferential authority to re-examine a trial court's legal rulings . . .").

7. *Carmichael v. Beller,* 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053.

8. *Polymer Fabricating, Inc. v. Employers Workers' Compensation Ass'n.,* 1998 OK 113, ¶ 8, 980 P.2d 109, 113.

from undisputed facts concerning any issue as set forth in such instruments.[9] The focus in summary process is not on the facts which might be proven at trial (*i.e.*, the legal sufficiency of evidence that could be adduced), but rather on whether the tendered material in the record reveals only undisputed material facts supporting but a single inference that favors the movant's quest for relief.[10] Appellate tribunals bear an affirmative duty to test all evidentiary material tendered in summary process for its legal sufficiency to support the relief sought by the movant.[11]

¶ 18 The main issue on appeal is whether or not the appellee is a person entitled to enforce the note.[12] Appellants essentially claim appellee is not entitled to enforce the note because there is no evidence appellee obtained its interest from a person entitled to enforce the note. They assert the indorsements on the note and allonge are invalid, and it is a question of fact whether the first indorsee, Option One Mortgage and the subsequent indorser Option One Mortgage Corporation are the same entities.

 ¶ 19 Appellants first allege Gateway's indorsement to Option One Mortgage was invalid because it was made by a "shipping specialist" and not a person authorized to do so under Title 16 O.S.2001, § 93. Section 93, requires every instrument affecting real estate made by a corporation to have the name of such corporation subscribed thereto by an attorney-in-fact, president, vice-president, chairman or vice-chairman of the board of directors of such corporation. Appellants contend that a "shipping specialist" is not authorized to indorse the note under this statute and therefore the succession of transfers of the note is invalid and Gateway is still

the holder. They also make this same argument concerning the "allonge" indorsed by an assistant secretary of Option One Mortgage Corporation. That particular indorsement is an indorsement in blank and is the basis for appellee's claim to the note. The core to this argument is whether the "note" is an instrument affecting real estate for purposes of § 93. We hold it is not.

¶ 20 A negotiable instrument under the Uniform Commercial Code [13] is considered a "note" if it constitutes a promise to pay.[14] It is an instrument that obligates the maker to pay the lender according to the terms of the note. However, the mortgage and not the note affect the real property. The mortgage creates a security of particular property for the payment of the debt evidenced in the note. The note by itself is only an obligation to pay. Therefore, Title 16 O.S.2001, § 93, does not control who may indorse a note. The UCC does not have a specific requirement similar to that found in § 93 concerning who may indorse a note. However, the UCC does provide in 12A O.S.2001, § 3–308(a), "[i]f the validity of a signature is denied in the pleadings, the burden of establishing validity is on the person claiming validity, but the signature is presumed to be authentic and authorized unless the action is to enforce the liability of the purported signer and the signer is dead or incompetent at the time of trial of the issue of validity of the signature." The present action is not one to enforce the liability of a purported signer who is dead or incompetent.

¶ 21 Appellants also contend there is no proof the assignment of mortgage to RAHI, which was executed by Sand Canyon Corpo-

**9.** *Perry v. Green*, 1970 OK 70, ¶ 28, 468 P.2d 483, 489.

**10.** *Id.; Hulsey v. Mid–America Preferred Ins. Co.*, 1989 OK 107, 777 P.2d 932, 936 n. 15.

**11.** *State ex rel. Fent v. State ex rel. Oklahoma Water Resources Board*, 2003 OK 29, ¶ 14, 66 P.3d 432, 440. *Spirgis v. Circle K Stores, Inc.*, 1987 OK CIV APP 45, ¶ 10, 743 P.2d 682, 685 (approved for publication by the Oklahoma Supreme Court).

**12.** 12A O.S.2001, § 3–301. There are three ways to be a "person entitled to enforce" a note. The most common way is to be the "holder" of the

note. The second way is to be a "nonholder in possession" of the note who has the rights of a holder. The third way is not very common and pertains to person who is not in possession of the note but is entitled to enforce the note. This is based upon a person not being reasonably able to obtain possession of the note because it was lost, destroyed or in the wrongful possession of another.

**13.** 12A O.S. §§ 1–101 through 11–107.

**14.** 12A O.S.2001, § 3–104(e).

ration, f/k/a Option One Mortgage Corporation (Sand Canyon), is valid because there is no evidence that Sand Canyon succeeded Option One Mortgage Corporation, and the lender indorsed the note to Option One Mortgage not Option One Mortgage Corporation. Appellee argues the assignment of the mortgage is inconclusive because it is intended only to protect the assignee.[15] Further, appellee emphasizes the note is the controlling factor and the mortgage follows the note when the note is assigned.[16] We agree. In the present case, appellee claims to be the holder of the note. The note and not the assignment of mortgage is the vehicle appellee is using to establish it is a holder of the note. In a case where a party is alleging it is entitled to enforce a note as a nonholder in possession who has the rights of a holder, an assignment of mortgage which also assigns the note may be evidence of the purpose of the transfer.[17] However, here the assignment of mortgage does not purport to assign the note and appellee is not claiming to be a nonholder in possession who has the rights of a holder. Appellee has consistently asserted its position in their pleadings as the holder of the note.

¶ 22 We also need to address the conflict between Court of Civil Appeals' divisions. In the present matter, the Court of Civil Appeals, Division II, found that "RAHI could prevail in a foreclosure action even if it had chosen not to pursue or was ultimately unsuccessful in its pursuit of a money judgment against the Adamses on the note." COCA admits it deviated from a decision of the Oklahoma Court of Civil Appeals, Division I,[18] which reversed a summary judgment that was in favor of a lender because there was a dispute of fact regarding ownership of the note. That court held "in Oklahoma it is not possible to bifurcate the security interest from the note," and "assignment of the mortgage to one other than the holder of the note is of no effect." COCA found that in order for the appellants to prevail they must prove that RAHI owns neither the note nor the mortgage. COCA cites several cases holding an action to foreclose a mortgage may be maintained without seeking a personal judgment for the mortgage indebtedness; the facts of the cases relied upon demonstrate the notes were not considered to be invalid and the plaintiff elected not to pursue a personal judgment.[19] COCA found that the note and mortgage are distinct instruments enforceable under different titles of the Oklahoma Statutes.[20] They cite 42 O.S.2001, § 172, which provides "[a]ny lien provided for by this chapter may be enforced by civil action in the district court of the county in which the land is situated." The implication being, if a note which is secured by a mortgage is found invalid, the owner of the mortgage can still foreclose the mortgage. However, the facts of the cases relied upon by the Court of Civil Appeals do not support such a conclusion. For example, in *Irwin v. Sands*, 1953 OK 383, 265 P.2d 1097, the plaintiff was the holder of the note and mortgage and instituted an action to recover a money judgment on the note and to foreclose the mortgage. After the commencement of the case, the plaintiff chose not to pursue a personal judgment, but instead to foreclose the mortgage. The cases cited do not stand for the proposition that a person who owns a mortgage may foreclose without also being a person entitled to enforce the note. Foreclosure of the mortgage and subsequent sale of the asset may satisfy all or part of the amount owed a plaintiff as evidenced in the note. It is up to the plaintiff to elect whether or not

---

**15.** *Chase v. Commerce Trust Co.*, 1923 OK 676, 101 Okla. 182, 224 P. 148.

**16.** *Gill v. First National Bank & Trust Co.*, 1945 OK 181, 195 Okla. 607, 159 P.2d 717.

**17.** Transfer of a note occurs when it is delivered by a person other than its issuer (maker/payor) for the purpose of giving to the person receiving delivery the right to enforce the instrument. 12A O.S.2001, § 3–203(a). Delivery means a voluntary transfer of possession. 12A O.S.2001, § 1–201(b)(15).

**18.** *BAC Home Loans Servicing, L.P. v. White*, 2011 OK CIV APP 35, ¶ 10, 256 P.3d 1014, 1017.

**19.** *Irwin v. Sands*, 1953 OK 383, ¶ 16, 265 P.2d 1097, 1100; *Hooks v. Berry–Hart Co.*, 1928 OK 700, ¶ 0, 135 Okla. 161, 274 P. 657 (Syllabus 1); and *Cahill v. Kilgore*, 1960 OK 88, ¶ 10, 350 P.2d 928, 931.

**20.** Title 42 concerning liens; Title 46 concerning mortgages; and Title 12A concerning the UCC.

to seek a personal judgment in the amount of any deficiency.[21]

■ ¶ 23 Several decisions of this Court have been adopted subsequent to COCA's opinion.[22] In these opinions we reviewed the Division I decision, *BAC Home Loans Servicing, L.P. v. White*, 2011 OK CIV APP 35, 256 P.3d 1014, and have agreed with the analysis. We hold, once again, in Oklahoma it is not possible to bifurcate the security interest from the note and proof of ownership of the note carries with it ownership of the mortgage.[23] To foreclose the mortgage one must be a person entitled to enforce the note which is secured by the mortgage. The mortgage is merely incidental to the note and without the note there could be no default of an obligation, and thus, no basis for a foreclosure action. COCA's statement that the appellants must prove appellee owns neither the note nor the mortgage in order to prevail suggests that if the note was found to be invalid, *i.e.*, because of the challenged indorsements, appellee could still foreclose if it had a valid assignment of mortgage. This is incorrect. To prevail, appellants need only show that appellee is not a person entitled to enforce the note.[24]

■ ¶ 24 Finally, appellants ask whether it was proper for the trial court to assume the alleged indorsement to Option One Mortgage was an indorsement to Option One Mortgage Corporation, absent evidence such names are for the same entity. Gateway, specially indorsed the note to Option One Mortgage. An allonge was attached to the note that included an indorsement in blank executed by Option One Mortgage Corporation. The significance of the trial court's assumption is

that it made a clear connection between the note and RAHI. By assuming Option One Mortgage and Option One Mortgage Corporation are the same entity, it established RAHI as a holder due to RAHI possessing a blank indorsed note. Court of Civil Appeals found this issue to be *immaterial* relying upon the provisions of 12A O.S.2001, 3–115. This section provides "(a) 'Incomplete instrument' means a signed writing, whether or not issued by the signer, the contents of which show at the time of signing that it is incomplete but that the signer intended it to be completed by the addition of words or numbers." However, it cannot be determined without fact finding whether the reference in the original indorsement to Option One Mortgage was incomplete. This Court has previously held that "[i]t must be remembered, neither this Court [n]or a trial court weighs the evidence on a motion for summary judgment and it is not the purpose of such procedure to substitute a trial by affidavit for a trial according to law. Weighing of evidence is a function for the jury and, in a non-jury case, for the trial judge after an appropriate trial of the issues." [25] The summary judgment process is for determining issues of law where the facts are not controverted. There should be no weighing of the evidence as to controverted facts in order to determine a motion for summary judgment.

¶ 25 We do not have a transcript of the June 29, 2010, hearing in the record, assuming one was even made. We cannot determine what evidence was presented, including any concerning whether or not Option One Mortgage and Option One Mortgage Corporation are the same entity. It does, however,

**21.** 12 O.S.2001, § 686; "... Simultaneously with the making of a motion for an order confirming the sale or in any event within ninety (90) days after the date of the sale, the party to whom such residue shall be owing may make a motion in the action for leave to enter a post-judgment deficiency order ..."

**22.** *Deutsche Bank National Trust Company v. Matthews*, 2012 OK 14, ¶ 5, 273 P.3d 43; *Deutsche Bank National Trust Company v. Richardson*, 2012 OK 15, ¶ 6, 273 P.3d 50.

**23.** *Engle v. Federal Nat. Mortg. Ass'n*, 1956 OK 176, 300 P.2d 997.

**24.** 12A O.S.2001, § 3–301 provides, as follows: "Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 12A–3–309 or subsection (d) of Section 12A–3–418 of this title. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."

**25.** *Prudential Ins. Co. of America v. Glass*, 1998 OK 52, ¶ 3, 959 P.2d 586, 588.

appear from the filed record that there is at least one issue of material fact and summary judgment was inappropriate.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; DISTRICT COURT'S DISPOSITION BY SUMMARY JUDGMENT REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS**

¶26 CONCUR: TAYLOR, C.J., KAUGER, WATT, EDMONDSON, REIF, COMBS, JJ.

¶27 DISSENT: WINCHESTER (JOINS GURICH, J.), GURICH (BY SEPARATE WRITING), JJ.

¶28 NOT PARTICIPATING: COLBERT, V.C.J.

GURICH, J., with whom WINCHESTER, J. joins dissenting:

¶1 I respectfully dissent. The majority reverses and remands this case because it cannot determine from the record whether the indorsement to Option One Mortgage was an indorsement to Option One Mortgage Corporation. No evidence is present in the record because the Defendants failed to present any evidence at summary judgment that created a question of fact as to whether the entities were the same. Furthermore, the Defendants cannot raise this issue because only RAHI Real Estate Holdings, the substitute plaintiff, had the authority to require the signatures from both Option One entities. *See* 12A O.S.2001 § 3–204(d). RAHI Real Estate Holdings was the proper party to pursue the foreclosure and presented the proper documentation at summary judgment to prove such. Because no issues of material fact remain and summary judgment was properly granted in this case, I would affirm the trial court and the Court of Civil Appeals

for the reasons stated in my dissenting opinions in *Deutsche Bank National Trust Co. v. Matthews*, 2012 OK 14, 273 P.3d 43 (Gurich, J., dissenting) and *Bank of America, NA v. Kabba*, 2012 OK 23, 276 P.3d 1006 (Gurich, J., dissenting).[1]

---

1. Although I originally concurred in the majority opinion in *Deutsche Bank National Trust v. Brumbaugh*, 2012 OK 3, 270 P.3d 151, after further consideration, I disagree with the majority's analysis in that case, and my views on the issues in these cases are accurately reflected in *J.P. Morgan Chase Bank, N.A. v. Eldridge*, 2012 OK 24, 273 P.3d 62 (Gurich, J., concurring in part and dissenting in part); *Kabba*, 2012 OK 23, 276 P.3d 1006 (Gurich, J., dissenting); *CPT Asset Backed Certificates, Series 2004–EC1 v. Kham*, 2012 OK 22, 278 P.3d 586 (Gurich, J., dissenting); *Deutsche Bank National Trust Co. v. Richardson*, 2012 OK 15, 273 P.3d 50 (Gurich, J., concurring in part and dissenting in part); and *Matthews*, 2012 OK 14, 273 P.3d 43 (Gurich, J., dissenting).