OSCN Found Document:ASSET ACCEPTANCE L.L.C. v. WHITE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 ASSET ACCEPTANCE L.L.C. v. WHITE
2014 OK CIV APP 96
Case Number: 112697
Decided: 10/24/2014
Mandate Issued: 12/01/2014
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2014 OK CIV APP 96, __ P.3d __

 

ASSET ACCEPTANCE L.L.C., Plaintiff/Appellee,
v.
SEREDIA WHITE, Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE GEARY L. WALKE, TRIAL JUDGE

AFFIRMED

William L. Nixon, Jr., Tracy Cotts Reed, LOVE, BEAL & NIXON, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellee,
Seredia White, Oklahoma City, Oklahoma, Pro Se.

BRIAN JACK GOREE, Judge:

¶1 Asset Acceptance, LLC (Plaintiff) sued Seredia White. Plaintiff alleged White owed $9,495.35 on a credit card account. White filed an Answer. Plaintiff filed a motion for summary judgment and White filed an objection. The court granted the motion for summary judgment and White appealed.

I.

¶2 White argued in her brief that Plaintiff lacked standing. She contends that she has no contractual agreement with Plaintiff. She points out that Bank of America sold the debt. Her argument is that Plaintiff is only a third-party assignee of the debt she incurred with a non-party.

¶3 Standing focuses on the party seeking to get his complaint before the court and not on the issues tendered for determination. Knight ex rel. Ellis v. Miller, 2008 OK 81, ¶11, 195 P.3d 372. The question is whether the party invoking the court's jurisdiction has a legally cognizable interest in the outcome of the controversy. Id. The burden is on the party invoking a court's jurisdiction to establish standing. Oklahoma Educ. Ass'n v. State ex rel. Oklahoma Legislature, 2007 OK 30, ¶7, 158 P.3d 1058. If the plaintiff alleges facts which are sufficient to establish standing, then the case proceeds to the next stage. Id. at ¶10.

¶4 When a party does not rely on a particular statute or constitutional provision authorizing suit, the question of standing depends on whether the party has alleged a personal stake in the outcome of the controversy. Oklahoma Educ. Ass'n, ¶16. This is an action for breach of contract. Therefore, the question of Plaintiff's standing depends on whether Plaintiff has a personal stake in the outcome of the case.[1]

¶5 When standing is challenged in a contract action, the usual issue is whether the party suing is the proper party to bring the action. For example, in Knight, the plaintiff lacked standing to recover from an insurance company because he was a stranger to the insurance contract. Knight, ¶12. In Residential Funding Real Estate Holdings, LLC v. Adams, 2012 OK 49, 279 P.3d 788, the plaintiff lacked standing to foreclose a mortgage because it was not a person entitled to enforce the note.[2] Bank of America entered into a contract with White. Plaintiff, not Bank of America, filed suit against White. In this context, standing addresses whether Plaintiff is a proper party to sue.

¶6 Plaintiff's right to enforce the debt is not governed by the UCC because the credit contract in this case is not a negotiable instrument. Therefore, standing is not analyzed in the same way as a mortgage foreclosure action where the plaintiff must demonstrate it is the holder of the promissory note or has the rights of a holder. The original lender of a credit card account under an open-end consumer credit plan may assign the right to payment to another. 14A O.S. 2011 §3-406. The petition alleges: (1) White entered into a Credit Card Agreement with Bank of America on September 13, 2007, (2) White made charges on the account and stopped making payments after June 26, 2009, (3) Bank of America sold the Credit Card Agreement to Plaintiff on December 27, 2011, and (4) White is indebted to Plaintiff for $9,495.35. As a threshold legal question, we hold Plaintiff has alleged sufficient facts to establish standing.[3]

II.

¶7 When a party appeals a summary judgment, the accelerated procedure applies. Sup. Ct. R. 1.36(a). The appellate court decides the appeal by reviewing the documents that were (1) filed in the trial court and (2) included in the Record on Accelerated Appeal. Okla. Sup. Ct. R. 1.36(d) and (g). If there is no dispute about the material facts, and one of the parties is entitled to judgment as a matter of law, then the court must grant a summary judgment. Flanders v. Crane Co., 1984 OK 88, ¶10, 693 P.2d 602. The purpose of summary judgment is to avoid unnecessary jury trials. Id.

¶8 White argued in her brief that the court must review the evidence in the light most favorable to her as the defendant. She is correct. Inferences and conclusions to be drawn from the undisputed facts must be viewed in the light most favorable to the party opposing the motion. Flanders v. Crane Co., 1984 OK 88, 693 P.2d 602.

¶9 Plaintiff cited Weeks v. Wedgewood Village, Inc., 1976 OK 72, ¶11, 554 P.2d 780, and argued that a ruling on a motion for summary judgment must be made on the record actually presented to the court, not on one which is potentially possible. Plaintiff is correct. If Plaintiff presented materials indicating there is no substantial controversy as to the material facts, then White had the burden of showing evidence is available that would justify a trial. Weeks, 1976 OK 72, ¶13.

III.

¶10 Plaintiff attached to its motion for summary judgment a copy of an application for a AAA credit card signed by Seredia White on August 28, 2007. The application states that the card is issued and administered by FIA Card Services, N.A. Bank of America. Plaintiff also attached a Credit Card Agreement. It provides:

We may at any time, and without notice to you, sell, assign or transfer your account, any sums due on your account, this Agreement, or our rights or obligations under your account or this Agreement to any person or entity. The person or entity to whom we make any such sale, assignment or transfer shall be entitled to all of our rights and/or obligations under this Agreement, to the extent sold, assigned or transferred.

¶11 Plaintiff also attached a Bill of Sale and Assignment of Loans signed by FIA Card Services, N.A. selling its entire right, title, and interest to certain loans to Asset Acceptance, LLC. An Affidavit of Indebtedness was also submitted in support of the motion for summary judgment. It is signed by a records custodian. The affiant stated he or she is familiar with the business records and books of Plaintiff as well as Plaintiff's practices for servicing its accounts. The affidavit declares that Plaintiff became the successor in interest on White's account and that the balance due to Plaintiff is $9,495.35.

¶12 With her response brief, White attached a copy of her answer and two supporting exhibits. Exhibit 1 is a letter to her from Client Services, Inc. It is dated February 8, 2010. The letter states it is "an attempt to collect a debt" from "a professional debt collection agency." It notifies White that the account "has been placed with our organization for payment in full." Exhibit 2 is a letter to White from Financial Recovery Services, Inc. It is dated June 6, 2011. This second letter also states it is "an attempt to collect a debt" from "a professional collection agency." It notifies White that the account "has been assigned to this agency for collection." Each letter contains mandatory language concerning a debtor's rights to dispute the validity of the debt and request verification.

¶13 The two letters from professional debt collectors do not create a factual controversy, or even an inference, that Plaintiff did not own the Agreement. The facts lead to the single conclusion that the original lender engaged two professional debt collection firms to collect the debt and subsequently sold the entirety of the agreement to Plaintiff. Because White submitted no evidentiary material creating a genuine issue as to the material facts, the trial court correctly granted summary judgment.

IV.

¶14 In her Petition in Error, White contends she was denied due process and equal protection of the law. She contends an illegal meeting occurred between the trial judge and the opposing lawyer. White said her brother-in-law overheard a conversation between the judge's secretary and the attorney. According to White, the secretary told the lawyer, "the Judge does not want you to argue the motion." White has included nothing in the Record on Accelerated Appeal showing she raised this issue below. When the record presented does not support the error alleged, the trial court's judgment cannot be disturbed. Hamid v. Sew Original, 1982 OK 46, ¶7, 645 P.2d 496.

¶15 AFFIRMED.

MITCHELL, Acting P.J., and BUETTNER, J. (sitting by designation), concur.

FOOTNOTES

[1] In cases where the plaintiff seeks relief based on a statute or a constitutional provision, the plaintiff must show (1) a concrete, particularized, actual or imminent injury in fact, (2) a causal connection between the injury and the alleged misconduct, and (3) a protected interest within a statutorily or constitutionally protected zone. Oklahoma Educ. Ass'n v. State ex rel. Oklahoma Legislature, 2007 OK 30, ¶7, 158 P.3d 1058.

[2] Assigning a mortgage does not automatically assign the right to enforce the note. Residential Funding Real Estate Holdings, LLC, 2012 OK 49, ¶21. On the other hand, the mortgage follows the note when the note is assigned. Id., citing Gill v. First Nat. Bank & Trust Co. of Oklahoma City, 1945 OK 181, ¶9, 159 P.2d 717. White relies on Gill for her proposition that a third party assignee cannot prevail when the petition fails to demonstrate it has legal standing. Gill does not support White's proposition and it does not address standing.

[3] Division II of the Court of Civil Appeals reached a different conclusion in a case with similar issues. In Unifund CCR, LLC v. EKPO, 2014 OK CIV APP 73, __ P.3d __, the original lender assigned to plaintiff its receivables "for collection purposes only." It did not assign its title and ownership to such receivables. In the present case, Bank of America transferred to Plaintiff all of its right, title, and interest to the account, not merely the right to collect it.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2014 OK CIV APP 73, UNIFUND CCR, LLC v. EKPO
Cited
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1945 OK 181, 159 P.2d 717, 195 Okla. 607, GILL v. FIRST NAT. BANK & TRUST CO.
Discussed
 2007 OK 30, 158 P.3d 1058, OKLAHOMA EDUCATION ASSOCIATION v. STATE ex rel. OKLAHOMA LEGISLATURE
Discussed at Length
 2008 OK 81, 195 P.3d 372, KNIGHT v. MILLER
Discussed
 2012 OK 49, 279 P.3d 788, RESIDENTIAL FUNDING REAL ESTATE HOLDINGS, LLC v. ADAMS
Discussed at Length
 1976 OK 72, 554 P.2d 780, WEEKS v. WEDGEWOOD VILLAGE, INC.
Discussed at Length
 1982 OK 46, 645 P.2d 496, Hamid v. Sew Original
Discussed
 1984 OK 88, 693 P.2d 602, Flanders v. Crane Co.
Discussed at Length
Title 14A. Consumer Credit Code
 Cite
Name
Level

 14A O.S. 3-406, Notice of Assignment
Cited