2013 OK CIV APP 15

**MIDFIRST BANK, Plaintiff/Appellee,**

v.

**Darrall WILSON and Doris F. Wilson, Defendants/Appellants.**

**No. 110,950.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Nov. 7, 2012.

Greg A. Young, Baer, Timberlake, Coulson & Cates, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellee.

Roland V. Combs, III, Roland V. Combs, III & Associates, Oklahoma City, Oklahoma, for Defendants/Appellants.

JOHN F. FISCHER, Chief Judge.

¶1 Darrall and Doris Wilson appeal the denial of their motion to vacate a judgment entered in favor of MidFirst Bank in this mortgage foreclosure action. The appeal has been assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36(b), 12 O.S.2011, ch. 15, app. 1, and the matter stands submitted without appellate briefing. The district court erred in denying the Wilsons' motion to vacate because MidFirst's motion for summary judgment does not establish that it is entitled to enforce the promissory note or foreclose the real estate mortgage at issue in this case. The order denying the Wilsons' motion to vacate is reversed, the judgment in favor of MidFirst is vacated, and this case is remanded for further proceedings.

## BACKGROUND

¶2 MidFirst filed this mortgage foreclosure action on December 15, 2011. Attached to the petition as exhibit A is a two page document entitled, "Note." The note is signed by Mr. Wilson and promises to pay Harry Mortgage Company $133,340. Page two of the exhibit contains an indorsement from Harry Mortgage to Washington Mutual Bank, N.A. The petition alleges that Mid-First is the holder of the note and that the note is in default. The Wilsons filed a motion to dismiss arguing MidFirst failed to show that it had possession of the note, or proper documentation showing the history of the note prior to filing of this suit, as required by *Deutsche Bank National Trust v. Brumbaugh*, 2012 OK 3, 270 P.3d 151, and *Deutsche Bank National Trust v. Byrams*, 2012 OK 4, 275 P.3d 129. In response to the Wilsons' motion, MidFirst attached a second copy of the note showing an indorsement from Washington Mutual to Wells Fargo Bank, N.A. The response argues that the note also contains an indorsement in blank by Wells Fargo. However, that indorsement is not reflected on the exhibit attached to MidFirst's response. The response also relies on an affidavit from a MidFirst employee. That affidavit states: (1) MidFirst is the holder of the note; (2) the note contains an indorsement to MidFirst; (3) MidFirst has been in possession of the note since before the petition was filed; and (4) a true and exact copy of the note is attached to the affidavit. The record on appeal does not contain any attachment to the affidavit. Nor does the record on appeal show any disposition of the Wilsons' motion to dismiss.

¶3 On March 26, 2012, MidFirst filed a motion for summary judgment. The Wilsons did not file a response to the motion for summary judgment. On May 4, 2012, the district court granted the motion and entered judgment in favor of MidFirst. The Wilsons filed their motion to vacate the MidFirst judgment on June 4, 2012. The order denying that motion, from which the Wilsons appeal, was filed July 6, 2012.

## STANDARD OF REVIEW

¶4 The trial court's disposition of a motion to vacate is reviewed for an abuse of discretion. *Patel v. OMH Med. Ctr., Inc.*, 1999 OK 33, 987 P.2d 1185. "An abused judicial discretion is manifested when discretion is exercised to an end or purpose not justified by, and clearly against, reason and evidence." *Id.* at ¶20, 987 P.2d at 1194. When review of the district court's discretion in denying a motion to vacate is determined by the propriety of an order granting summary judgment, the abuse-of-discretion question is determined by *de novo* review of the summary judgment order. *Reeds v. Walker*, 2006 OK 43, ¶9, 157 P.3d 100 (applying this standard to review of motions denying a new trial after summary judgment was granted). *Cf. Patel*, 1999 OK 33, ¶20, 987 P.2d at 1194

(an order granting or denying a motion for new trial and a motion to vacate are subject to the same abuse of discretion standard of review).

## ANALYSIS

■ ¶ 5 "To commence a foreclosure action in Oklahoma, a plaintiff must demonstrate it has a right to enforce the note . . . ." *Deutsche Bank Nat'l Trust v. Brumbaugh*, 2012 OK 3, ¶ 11, 270 P.3d 151, 154. The holder of a note or a non-holder in possession of the note is entitled to enforce a note. 12A O.S.2011 § 3–301.[1] The holder of a note is either the person to whom the note is made payable or the person in possession of a note made payable to bearer. 12A O.S.2011 § 1–201(21)(A). MidFirst alleges that it is the holder of the note. However, the note attached to MidFirst's petition shows that it was originally made payable to Harry Mortgage but subsequently indorsed by Harry Mortgage to Washington Mutual.

> If an indorsement is made by the holder of an instrument . . . and the indorsement identifies a person to whom it makes the instrument payable, it is a "special indorsement." When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the indorsement of that person.

12A O.S.2011 § 3–205(a). Consequently, the note attached to MidFirst's petition shows that Washington Mutual might have had the right to enforce the note. It does not show that MidFirst had the right to enforce that note. The Wilsons challenged MidFirst's right to do so in their motion to dismiss.

¶ 6 MidFirst attempted to cure this defect in responding to the Wilsons' motion by attaching a second copy of the note. The response argues that the note was indorsed by Harry Mortgage, the original lender, to Wells Fargo and by Wells Fargo "in blank." Section 3–205(b) of the Uniform Commercial Code states: "If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement.' When indorsed in blank, an instru-

ment becomes payable to bearer and may be negotiated by transfer of possession alone. . . ." The response argues that after the note was endorsed in blank by Wells Fargo, Wells Fargo transferred possession of the note to MidFirst. MidFirst argues that it has possession of the note, is therefore the holder of the note with the right to enforce the note, satisfying the requirement of *Deutsche Bank National Trust v. Brumbaugh.* The copy of the note attached to MidFirst's response to the Wilsons' motion to dismiss is identical to the copy attached to its petition with one exception. This copy of the note contains the indorsement from Harry Mortgage to Washington Mutual and an indorsement from Washington Mutual to Wells Fargo. It does not contain any indorsement by Wells Fargo.

¶ 7 In its response, MidFirst also relied on the affidavit of one of its employees. The affiant states that MidFirst is the holder of the note attached as exhibit "C," and that the note contains an indorsement to MidFirst. However, there is no exhibit attached to this affidavit. Further, there was no disposition of the Wilsons' motion to dismiss reflected in this record.

¶ 8 Although there was no disposition of the Wilsons' motion, MidFirst filed a motion for summary judgment in which it again relied on the previously filed affidavit. MidFirst also supported this motion with a third copy of the note attached to its motion as exhibit "B." The first two pages of this exhibit are identical to the copy of the note attached to MidFirst's response to the Wilsons' motion to dismiss. The third page is blank except for an indorsement in blank by Wells Fargo. No other information is contained on that page. However, this third copy of the note is also not attached to the affidavit of the MidFirst employee. Title 12 O.S.2011 § 2056(E) provides, in part:

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testi-

---

1. A person not in possession but entitled to enforce the note may also sue pursuant to 12A O.S.2011 § 3–301(iii), but MidFirst claims to be the holder of the note and to have possession of the note as well.

fy on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The MidFirst affidavit fails to comply with the requirements of section 2056(E), and the copy attached to its motion for summary judgment is not certified or authenticated as required by that section.

¶ 9 Rule 13(c) of the Rules for the District Courts of Oklahoma, 12 O.S.2011, ch. 2, app., states:

> The affidavits that are filed by either party shall be made on personal knowledge, shall show that the affiant is competent to testify as to the matters stated therein, and shall set forth matters that would be admissible in evidence at trial. The admissibility of other evidentiary material filed by either party shall be governed by the rules of evidence. If there is a dispute regarding the authenticity of a document or admissibility of any submitted evidentiary material, the court may rule on the admissibility of the challenged material before disposing of the motion for summary judgment or summary disposition. A party challenging the admissibility of any evidentiary material submitted by another party may raise the issue expressly by written objection or motion to strike such material. Evidentiary material that does not appear to be convertible to admissible evidence at trial shall be challenged by objection or motion to strike, or the objection shall be deemed waived for the purpose of the decision on the motion for summary judgment or summary disposition. If a trial of factual issues is required after proceedings on a motion for summary judgment or summary disposition, evidentiary rulings in the context of the summary procedure shall be treated as rulings *in limine*.

¶ 10 The third copy of the note submitted in support of MidFirst's motion for summary judgment would be admissible at trial if properly authenticated and, therefore, is evidentiary material that could be "convertible to admissible evidence at trial." However, the enactment of section 2056 limits the availability of Rule 13(c) where, as here, a certified copy of the evidentiary material is not attached to the affidavit. Even though the Wilsons did not challenge the admissibility of the note pursuant to the procedure set forth in Rule 13(c), that challenge was not required until MidFirst properly tendered evidentiary material in support of its motion for summary judgment. "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must, by affidavits or as otherwise provided in this rule, set out specific facts showing a genuine issue for trial." 12 O.S.2011 § 2056(E). MidFirst's motion for summary judgment, with respect to its status as the holder of the note, was not "properly made." Therefore, the evidentiary material submitted in support of MidFirst's motion does not establish as an undisputed fact that MidFirst is the current holder of the note and that it has been the holder since before the petition was filed. If the moving party has not addressed all material facts, or if one or more of such facts is not supported by acceptable evidentiary material, summary judgment is not proper. *Spirgis v. Circle K Stores, Inc.*, 1987 OK CIV APP 45, 743 P.2d 682 (approved for publication by the Oklahoma Supreme Court).

¶ 11 Also attached to the motion is the Wilsons' mortgage to Harry Mortgage and an assignment of that mortgage by Harry Mortgage. MidFirst's motion for summary judgment asserts that this is a true and correct copy of the mortgage and assignment, and that MidFirst is the assignee of the mortgage. However, not only are these documents not certified or authenticated as required by section 2056(E), but also the assignment attached to the motion is from Harry Mortgage to Wells Fargo. There is no assignment of the mortgage in this record to MidFirst.

¶ 12 Although the Wilsons did not respond to MidFirst's motion for summary judgment, that motion does not establish, in the manner required by section 2056, that MidFirst is entitled to enforce the note or foreclose the Wilson mortgage. Consequently, the Wilsons' motion to vacate the judgment entered pursuant to MidFirst's motion for summary judgment should have been granted.

## CONCLUSION

¶ 13 MidFirst's motion for summary judgment does not establish, in the manner required by 12 O.S.2011 § 2056, that MidFirst is entitled to enforce the note or foreclose the mortgage at issue in this case. Therefore, the Wilsons' motion to vacate the judgment entered in favor of MidFirst should have been granted. The order denying the Wilsons' motion to vacate is reversed, the judgment in favor of MidFirst is vacated, and this case is remanded for further proceedings.

¶ 14 **REVERSED IN PART, VACATED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.**

BARNES, P.J., and WISEMAN, J., concur.