2014 OK CIV APP 73

**UNIFUND CCR, LLC, Plaintiff/Appellee,**

v.

**Nsima S. EKPO, Defendant/Appellant.**

**No. 112496.**

Court of Civil Appeals of Oklahoma, Division No. 2.

July 22, 2014.

Tracy Cotts Reed, LOVE, Beal & Nixon, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellee.

Richard M. Glasgow, Glasgow & Associates, Oklahoma City, Oklahoma, for Defendant/Appellant.

KEITH RAPP, Judge.

¶1 The trial court defendant, Nsima S. Ekpo (Ekpo), appeals an Order granting summary judgment to the plaintiff, Unifund CCR, LLC (Unifund). This appeal proceeds under the provisions of Okla. Sup.Ct. Rule 1.36, 12 O.S.2011, ch. 15, app. 2.

## BACKGROUND

¶2 Unifund is a collection firm and the plaintiff in a suit against Ekpo. The petition alleged that Unifund is the successor in interest to a credit card debt Ekpo incurred with Citibank, N.A. Ekpo denied the claim and alleged affirmative defenses, including that Unifund was not the real party in interest. A month later, Ekpo filed a separate counterclaim alleging violation of the Oklahoma Consumer Protection Act, the Federal Fair Debt Collection Practices Act and fraud. The fraud claim does not set out any particulars constituting fraud, and the counterclaim does not reflect leave of court to file.[1]

¶3 Counsel for Unifund filed a motion for summary judgment. This motion challenged Ekpo's counterclaim for lack of leave of court and for absence of specifics in support of the fraud allegation. The motion requested summary judgment on the petition and claimed that the principal amount due as of October 1, 2013, is $11,079.43, plus interest of $9,756.75, costs, and attorney fees for a total claim of $22,217.82.[2]

¶4 In support, the motion contained the following exhibits, none of which were sworn to or certified:

1. A series of credit card statements issued by AT & T Universal Card Services with Ekpo as the debtor. The statements are dated monthly beginning June 5, 2009 and ending July 27, 2010, and then another dated December 27, 2010. The last balance was shown as $11,355.90, and interest accrued thereafter. The December statement gave a November 1, 2010 balance of $11,079.43.

2. An affidavit by an individual stating that he was an agent of Unifund. The affidavit recited that: (a) Citibank N.A. was the original creditor; (b) Ekpo had a credit card agreement with Citibank N.A.; (c) Ekpo is in default and the principal balance due as of November 2, 2012, was $11,079.43, plus accrued interest of $6,717.35 and interest accruing; (d) on "10/1/12 Unifund CCR, LLC became the successor in interest to the account."

3. Bill of Sale and Assignment, dated June 18, 2012, executed by an individual designated as "Financial Account Manager." The instrument assigns from Citibank N.A. to Pilot Receivables Management, LLC accounts listed in "Exhibit 1," but there is no Exhibit 1.

4. Bill of Sale, "effective June 18, 2012," but otherwise undated, executed by the vice-president of operations of Pilot Receivables Management, LLC. The instrument assigns "Accounts described on attachment A" to Unipac IX, LLC. There is no "attachment A."

5. Assignment, "effective October 1, 2012," but otherwise undated, between Unipac IX, LLC, assignor, and Unifund CCR Partners, assignee. The instrument was executed on behalf of Unipac IX, LLC by an individual titled "Vice President of Operation." According to the instrument, Unipac IX, LLC "transfers and assigns to Assignee all of Assignor's rights in the Receivables, for collection purposes only, including litigation in Assignee's name, which Assignor may own or may acquire from time to time." The "Receivables" are not specifically identified. The Assignor retained title and ownership of the Receivables.

---

1. See 12 O.S.2011, § 2013(F). Ekpo did not list any ruling on the counterclaim as an issue on appeal. Therefore, that ruling is not disturbed. See Jordan v. World Publishing Co., 1994 OK CIV APP 30, 872 P.2d 946 (citing Barber v. Flynn, 1980 OK 175, 628 P.2d 1151).

2. The attorney fee portion was ten percent, $1,107.94.

6. Assignment, "effective October 1, 2012," but otherwise undated, between Unifund CCR Partners and Unifund CCR, LLC.[3] The instrument is executed on behalf of Unifund CCR Partners by an individual shown as Vice President of Operations and is the same name and title as the individual executing the Assignment on behalf of Unipac IX, LLC to Unifund CCR Partners. *According to the instrument the assignment is of "Receivables" and for collection purposes only, including a right to sue in the name of Unifund CCR Partners. The instrument further provides that "Assignor does not assign title and/or ownership of such Receivables."* The "Receivables" are not identified.

¶ 5 Ekpo's response to the summary judgment motion challenged whether Unifund established standing. The response reviewed the foregoing exhibits and concluded that Unifund did not show that it has standing to sue. In addition, Ekpo argued that the affidavit attesting to "the best of my knowledge and belief" fails to conform to the summary judgment procedures calling for affidavits made on personal knowledge. Ekpo then moved for summary judgment on his Fair Debt Collection claim. He asserted that Unifund violated the Act because it was trying to collect a debt without authority to do so.

¶ 6 Counsel for Unifund then filed a combined response to Ekpo's motion and supplement to Unifund's motion.

¶ 7 First, the combined response attached an uncertified copy of Corporate Decision # 98–39, where the Comptroller of Currency stated that the agency had no objection to the proposal of CitiCorp and its principal subsidiary, Citibank, N.A. to acquire and establish AT & T Universal Card Services Corp. as an operating subsidiary of Citibank, N.A. The response argued that this document, along with the series of assignments, listed as exhibits above, demonstrated that Unifund was the successor to Citibank.

¶ 8 Next, the response attached a packet of papers, none of which are sworn to or certified. The papers, alone, do not contain any information about what they are or what they intended to show. The response text states that these papers are "redacted Exhibit 1, which accompanies the assignments and contains specific account information" pertaining to Ekpo's account.

¶ 9 The trial court granted summary judgment for the entire claim, including requested fees and costs. The journal entry also dismissed Ekpo's counterclaim with prejudice.

## STANDARD OF REVIEW

¶ 10 The appellate standard of review in summary judgment is *de novo*. *Kirkpatrick v. Chrysler Corp.*, 1996 OK 136, ¶ 2, 920 P.2d 122, 124. The evidentiary materials will be examined to determine what facts are material and whether there is a genuine controversy as to one material fact. 12 O.S.2011, § 2056(C).[4] All inferences and conclusions to be drawn from the materials must be viewed in a light most favorable to the non-moving party. *Carmichael v. Beller*, 1996 OK 48, 914 P.2d 1051. Even though the facts may not be controverted, summary judgment must be denied if reasonable persons may draw different conclusions from these facts. *Bird v. Coleman*, 1997 OK 44, 939 P.2d 1123.

## ANALYSIS AND REVIEW

¶ 11 The right of Unifund to bring this action depends upon whether it is the ultimate assignee of this specific account from AT & T Universal Card Services. Standing, as a jurisdictional question, may be correctly raised at any level of the judicial process or by the Court on its own motion. Standing determines whether the person is the proper party to request adjudication of a

---

3. The Record shows that Unifund is an Ohio limited liability company. The Record does not show whether that entity has registered in Oklahoma. However, a foreign limited liability company is not considered as doing business in this State by collecting debts. 18 O.S.2011, § 2049(8).

4. This Court is aware that Rule 13, Rules for District Courts uses the term "substantial" rather than "genuine" regarding fact controversy. Here, the fact controversies are both genuine and substantial.

certain issue and does not decide the issue itself. The key element is whether the party whose standing is challenged has sufficient interest or stake in the outcome. *Matter of the Estate of Doan*, 1986 OK 15, ¶ 7, 727 P.2d 574, 576. "The doctrine of standing ensures a party has a personal stake in the outcome of a case and the parties are truly adverse." *Fent v. Contingency Review Board*, 2007 OK 27, ¶ 7, 163 P.3d 512, 519. For example, where the debt is evidenced by a promissory note, the failure to have the promissory note with rights to enforce it means that the plaintiff does not have standing when the action is filed. *U.S. Bank N.A. v. Moore*, 2012 OK 32, 278 P.3d 596. The summary judgment record here does not establish standing.

¶ 12 First, the documents relied upon by Unifund to show it as assignee are not certified or authenticated as required by 12 O.S. 2011, § 2056(E). As this Court held in *Mid-First Bank v. Wilson*, 2013 OK CIV APP 15, ¶¶ 10–11, 295 P.3d 1142, 1145, it does not suffice as a basis for summary judgment.

¶ 13 Second, the mere statement by Unifund's agent that an assignment occurred is not sufficient to warrant summary judgment.[5] The credibility of such testimony, as an interested witness, is in question and must be decided by a jury. *Poafpybitty v. Skelly Oil Company*, 1973 OK 110, ¶ 17, 517 P.2d 432, 438.[6]

¶ 14 Third, the instruments attached to the summary judgment motion do not contain documentation that a credit card account between Ekpo and AT & T Universal Card Services has been assigned, via a series of assignments, to Unifund. Unifund maintains that Citibank acquired AT & T Universal Card Services and operated it as a subsidiary. However, all that Unifund supplied in its supplement was a United States agency letter stating that the agency did not object to such an acquisition. Documentation of the acquisition was not supplied. Thus, for purposes of review of a summary judgment, the question of whether Citibank acquired AT & T Universal Card Services remains unsettled.

¶ 15 In addition, Unifund's assignor is a New York partnership. The assignment from Unifund CCR Partners is not executed by a person or entity shown to be a partner. Partners execute instruments in the course of partnership business. McKinney's Consolidated Laws of New York Annotated (West), Ch. 39, Art. 3, § 20. For purposes of summary judgment review, the validity of the assignment to Unifund is in question.[7]

¶ 16 Fourth, Unifund's attempt to document the assignment in its supplemental filing also fails. As stated above, the filing does not comply with Section 2056(E). The supplemental documents are not presented as a complete document of assignment in each of the series of assignments.[8]

¶ 17 Fifth, Unifund's assignor, Unifund CCR Partners, did not have title to any accounts. All that Unifund CCR Partners received from its assignor, Unipac IX, LLC, was: (1) some undefined right to collect the accounts, and (2) the authorization to sue in the name of Unipac IX, LLC. Title and ownership of the accounts were not assigned. This theme continued in the assignment to

---

5. Section 2056(E) and Rule 13(c) require that affidavits be made on personal knowledge. Here, the text of the affidavit states that the affiant statements are made on "personal knowledge" of Unifund's record and business practices. However, the subscribing statement is "to the best of my knowledge." Regardless of whether the affidavit complies with the "personal knowledge" requirement, this inconsistency detracts from the credibility of the affidavit.

6. Although this principle was recognized as to the affidavit of an "interested witness" in *Poafpybitty*, it was limited by the caveat that "such strictness of consideration does not apply to a statement in an affidavit that is uncontroverted and has indication of support elsewhere in the record." *Poafpybitty*, 1973 OK 110 at ¶ 17, 517 P.2d at 438. Here, the agent is not an officer or even a records custodian. The agent's affidavit does not comply with 12 O.S.2011, § 2056(E).

7. The Revised Uniform Partnership Act, which is in force in Oklahoma, makes a similar requirement and permits the partnership to file a statement of partnership authority to include an agent. 54 O.S.2011, §§ 1–302(1), 1–303.

8. The first two instruments assign "accounts" listed in an exhibit not attached with the motion. The last two instruments reference "receivables" listed in an exhibit not attached. The terms appear to be interchangeable. Black's Law Dictionary 17 (7th Ed.1999).

Unifund, where Unifund CCR Partners expressly did not assign title or ownership, but assigned for collection purposes and authorized suit in its name.[9]

¶ 18 This aspect of the transactions raises questions of fact and law. The language of these assignments is ambiguous. The ambiguity arises because of the inclusion of the authorization to bring an action in the assignor's name. Thus, "collection purposes" might be limited to collection activities short of filing suit and the lawsuit authorization provides for that course of action if all other collection efforts fail, and then in the name of the account owner, Unipac IX, LLC.

¶ 19 Unipac IX, LLC retained title and ownership of the accounts. Thus, even though the instrument is titled "Assignment," its legal effect is unclear. One construction is that the instrument makes Unifund CCR Partners the agent. The other construction is that the instrument assigns a cause of action for debt collection, but without assigning the debt. The latter would clearly invoke application of the rule on standing, which the trial court should have noticed.

■ ¶ 20 When the Unipac IX, LLC instrument is construed as an agency agreement, it is not clear that Unifund CCR Partners, as agent, had anything to assign or that whatever it had was assignable. In general, an agent cannot delegate its authority without the approval, express or implied, of the principal. *Williams v. Leforce,* 1936 OK 666, 177 Okla. 638, 61 P.2d 714. In the assignment, Unipac IX, LLC did not empower Unifund CCR Partners to establish subagents or to delegate its duties to another. Whether such authority flows from the "Servicing Agreement" referenced in the assignment is unanswered in the Record here.

¶ 21 The same constructions apply to the assignment to Unifund.

¶ 22 Thus, under the Record before this Court the situation is:

1. *If* Citibank acquired the accounts from AT & T Universal Card Services and *if*

that acquisition included Ekpo's account, and,

2. *If* the assignments from Citibank through to Unipac IX, LLC included Ekpo's account, then

3. Unipac IX, LLC is the *only* owner of record of the account and thus having standing to sue, and,

4. Unifund CCR Partners is an apparent agent of Unipac IX, LLC for collection, but any lawsuit must be brought in the name of Unipac IX, LLC, and,

5. Unifund CCR, LLC is an apparent subagent of Unifund CCR Partners, but has no interest in the account to support its claim of standing.

¶ 23 Therefore, the trial court clearly erred in granting summary judgment. The judgment is reversed and the cause remanded for further proceedings.

¶ 24 REVERSED AND THE CAUSE REMANDED FOR FURTHER PROCEEDINGS.

FISCHER, P.J., and THORNBRUGH, J., concur.

---

9. It is doubtful that a collection lawsuit could be brought by Unifund in the name of Unifund CCR Partners. Neither of them owned the debt. The Record does not indicate that the owner of the debt, Unipac IX, LLC, authorized such action.